IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN NELSON MURRAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80392

FILED

DEC 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Steven Murray was convicted of driving and/or being in actual physical control of a vehicle while under the influence of a controlled substance causing substantial bodily harm in violation of NRS 484.3795 (2007), and vehicular homicide in violation of NRS 484.37955 (2007). Murray appealed from the judgment of conviction, and we affirmed on February 28, 2011.[1] Murray then filed two postconviction petitions for a writ of habeas corpus, which the district court denied. We affirmed those denials.[2] He filed the current postconviction petition on May 10, 2019, over eight years after issuance of remittitur on direct appeal on February 28, 2011. The district court therefore did not err in concluding this petition is untimely and successive. *See* NRS 34.726(1); NRS 34.810(1)(b)(2). And thus, Murray's petition is procedurally barred absent a demonstration of

---

[1]*See Murray v. State*, Docket No. 54115 (Order of Affirmance, Feb. 3, 2011).

[2]*See Murray v. State*, Docket No. 59067 (Order of Affirmance, Mar. 7, 2012); *Murray v. State*, Docket No. 68221 (Order of Affirmance, Dec. 16, 2015).

20-45222

good cause and actual prejudice, *see* NRS 34.726(1); NRS 34.810(1)(b), which the district court found Murray did not establish.

Murray contends that the ruling in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides grounds for postconviction relief, arguing he entered into a stipulation without being fully informed of its effect and that the stipulation therefore violated his autonomy right as set forth in *McCoy*. After carefully reviewing the record in this case, we conclude *McCoy* does not apply here. *McCoy* held "that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." 138 S. Ct. at 1505. But Murray's counsel did not concede guilt and, moreover, unlike the defendant in *McCoy*, Murray did not object at trial. *See id.* at 1506, 1509 (noting McCoy objected to defense counsel's admission of guilt and contrasting that situation to the one in *Florida v. Nixon*, 543 U.S. 175, 181 (2004), where the defendant did not object to the proposed trial strategy despite having knowledge of it). Indeed, the stipulation did not relieve the State of its burden to prove all of the factual elements of the crimes charged. And even assuming, *arguendo*, that Murray did not fully understand the stipulation,[3] we conclude that the

---

[3]The record does not support Murray's argument that he was not fully informed of the effect of entering into the stipulation. To the extent Murray argues he was inadequately canvassed, that argument is barred by our decision in *Murray*, Docket No. 59067 (Order of Affirmance, Mar. 7, 2012), wherein we recognized that he was personally canvassed and indicated his understanding of the stipulation. *See Pellegrini v. State*, 117 Nev. 860, 879, 34 P.3d 519, 532 (2001) (explaining that claims previously raised in a postconviction petition, rejected by the district court, and upheld on appeal, are barred by the law of the case doctrine), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1094, 1097 n.12 (2018).

stipulation was a trial management strategy and did not infringe upon Murray's trial objectives, and therefore does not fall under *McCoy*'s holding. *See id.* at 1508-09 (recognizing that counsel and the court maintain their respective trial management roles and differentiating between "strategic choices about how best to *achieve* a client's objectives" and "choices about what the client's objectives in fact *are*"). Accordingly, Murray fails to show good cause, the district court did not err by denying Murray's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Michelle Leavitt, District Judge
      Federal Public Defender/Las Vegas
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk